923 F.2d 869
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Alfons A. AKUTOWICZ & Edwin J. Akutowicz, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 90-5109.
 United States Court of Appeals, Federal Circuit.
 Nov. 13, 1990.
 
 Before RICH, PAULINE NEWMAN and MICHEL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Edwin J. Akutowicz and his son Alfons ("Taxpayers") appeal the judgment of the United States Claims Court, No. 51-89T (Nov. 15, 1989), dismissing their complaint for lack of jurisdiction, and the denial of their motion for rehearing by order dated February 28, 1990. Because we conclude that their complaint was not for a tax refund and therefore the Claims Court had no jurisdiction, we affirm.
 
 DISCUSSION
 
 2
 Taxpayers filed suit in the Claims Court alleging that the government had illegally confiscated capital from a stock purchase plan through what the IRS called "backup withholding of tax on dividend income," and the court dismissed the suit for lack of jurisdiction on November 15, 1989. The 60-day time limit for filing a notice of appeal under Fed.R.App.P.4 thus expired on January 14. Taxpayers did nothing until they filed a motion for rehearing under RUSCC 60(b) on February 9, 1990, which the Claims Court denied on February 28, 1990. Taxpayers then filed a notice of appeal, which, after the Claims Court extended the filing deadline, was timely as to the denial of 60(b) relief but not as to the November 15 judgment.
 
 
 3
 We review rulings on Rule 60(b) motions only for abuse of discretion, and an appeal from a denial of 60(b) relief does not bring up the underlying judgment for review. Browder v. Director, Dept. of Corrections, 434 U.S. 257, 263 n. 7 (1978) (interpreting Fed.R.Civ.P. 60(b), which is nearly identical to RUSCC 60(b)).
 
 
 4
 The Claims Court was correct as a matter of law in concluding that it lacked jurisdiction. The fact that their suit is a "tax case" does not, as Taxpayers argue, automatically confer jurisdiction; as the court correctly noted, Taxpayers' claim is not one for a tax refund (over which it would have jurisdiction), but is rather a tort suit arising from application of the tax laws. Hence, the court did not abuse its discretion in not granting 60(b) relief from the dismissal.
 
 
 5
 Nor, in view of the fact that a district court probably would lack jurisdiction under the Federal Torts Claims Act, which specifically excludes claims relating to taxes, did the Claims Court abuse its discretion in not altering its decision not to transfer the case.
 
 
 6
 Taxpayers seem to argue that it is unfair and illogical that neither the Claims Court nor the district court has jurisdiction over their suit. But under the principle of sovereign immunity, the United States can be sued for money damages only to the extent that it consents to be sued. The law appears to entitle Taxpayers only to a refund of the tax that was withheld, and this they have already received (with interest). Accordingly, we must affirm.